19 cv 156 WMW
RECEIVED
FEB 06 2019
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 12-cv-12105-IT |
| SANDIPAN CHOWDHURY, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

January 31, 2019

TALWANI, D.J.

Defendant's <u>Motion for Joinder/Substitution of Parties Pursuant to Fed. R. Civ. P. 25(c) and Entry of an Amended Judgment</u> [#132] is hereby DENIED without prejudice to Defendant seeking leave to file an Amended Counterclaim adding new parties.

I. <u>Background</u>

Plaintiff AF Holdings, LLC ("AF") brought the underlying case against Defendant Sandipan Chowdhury ("Chowdhury"). Compl. [#1]. Chowdhury answered and counter-claimed against AF. Answer [#7]. Following a hearing at which AF failed to appear, the court dismissed AF's claims against Chowdhury and denied AF's motion to dismiss Chowdhury's counterclaim. <u>See</u> Mot. To Strike [#8]; Mot. To Dismiss [#9]; Order [#20]. AF subsequently failed to answer Chowdhury's counterclaim, and the court granted Chowdhury's unopposed motion for a default judgment against AF. <u>See</u> Mot. Default Judgment [#28]; Endorsed Order [#31].

Chowdhury then sought and was granted a default judgment against AF's alleged aliases or alter egos: AF Holdings, Inc., Prenda Law, Inc., John L. Steele, Paul A. Duffy, Paul R. Hansmeier, and Mark Lutz. <u>See</u> Mot. Default Judgment [#32], Final Judgment [#34]. Upon the

SCANNED
FEB 06 2019
U.S. DISTRICT COURT ST. PAUL

entry of the Final Judgment, Hansmeier and Steele filed Motions to Set Aside Default [#36, #38], arguing that they were never designated as parties to the action or served with process. After these motions were denied, see Order [#43], Steele, Duffy, and Hansmeier appealed. See Notice of Appeal [#45].

The United States Court of Appeals for the First Circuit held that the appellants were not properly named and served as parties to the counterclaims, and that "[a]bsent some exception, which was not established, a judgment cannot be entered against those who are not made parties through proper service." See AF Holdings, LLC v. Chowdhury, No. 13-2535 (1st Cir. Aug. 29, 2016). The First Circuit further held that allegations that parties are alter egos and liable for a judgment, even if undisputed, do not "obviate the need to call [parties] before the court before entering judgment." Id. at 2. Accordingly, the First Circuit vacated the judgment and remanded the case. Id.

On remand, this court set aside the Final Judgment [#34], and directed Chowdhury to file a proposed Amended Judgment. See Order on Remand [#78]. Chowdhury subsequently filed a Motion for Substitution of Parties and Entry of an Amended Judgment [#81], which this court denied without prejudice for failing to include a certificate of service showing that service had been completed prior to filing the new motion. Order [#92]. After various delays, including some sought by Chowdhury in light of Hansmeier's bankruptcy proceedings, Chowdhury filed his renewed Motion for Joinder/Substitution of Parties Pursuant to Fed. R. Civ. P. 25(c) and Entry of an Amended Judgment [#132].

II.  Analysis

Chowdhury seeks to substitute John Steele and Paul Hansmeier for AF under Fed. Civ. R. Pro. 25(c). Chowdhury contends that Steele and Hansmeier were the real parties in interest, and

2

because "Steele and Hansmeier have [now] been personally served [. . .], there can be no doubt any due process concerns have been addressed." See Docket Entry #133 at 8. The court disagrees.[1]

Rule 25(c) is a "discretionary procedural vehicle" which allows for substitution "where a party to a lawsuit *transfers an interest* during the pendency of the lawsuit or after judgment has been rendered." Negron-Almeda v. Santiago, 579 F.3d 45, 52-3 (1st Cir. 2009) (internal quotation marks and citations omitted, emphasis added). Chowdhury argues that the First Circuit "sanctioned the use of Rule 25(c) to join parties as alter egos and hold them liable for full judgment." Mem. In Support of Mot. [#133] at 5, citing Rodriguez-Miranda v. Benin, 829 F.3d 29 (1st Cir. 2016). In Rodriguez-Miranda, joinder was sought to collect from a corporate defendant's officer, his mother, and a successor corporation after the officer and his mother attempted to shield the original corporation's assets from judgment by transferring its assets to the successor. 829 F.3d at 34. The case differs in two material respects from the case at bar. First, Rodriguez-Miranda involved an adjudication on the merits following a trial, while Chowdhury seeks to substitute Steele and Hansmeier and charge them with AF's default where the underlying claim has never been adjudicated on the merits. Second, Rodriguez-Miranda involved the transfer of assets of a party, while Chowdhury does not allege that AF transferred assets to Steele and Hansmeier but rather that these two individuals are, and have always been, the real parties in interest.[2]

---

[1] In his Memorandum of Law in Opposition to Defendant Sandipan Chowhury's Motion to Substitute Pursuant to Federal Rule of Civil Procedure 25 [#36], Hansmeier contends that this Motion was never properly served upon him. Id. at 10. Because the court is denying the Motion on other grounds, the court does not reach the issue as to whether service of the Motion was completed.

[2] Chowdhury cites one out-of-circuit case involving the application of Fed. R. Civ. P. 25(c) to a

3

Chowdhury's claim that Hansmeier and Steele were the real parties in interest may well give rise to a new claim for relief. But due process requires that they be brought into court on that new claim, rather than having a default against AF assigned to them. The court notes by analogy that under Fed. R. Civ. P. 5(a)(2), a "pleading that asserts a new claim for relief against [a party who is in default for failing to appear] must be served on that party under Rule 4." See D'Angelo v. Potter, 221 F.R.D. 289, 293 (D. Mass. 2004) (defaulted party was entitled to summons and service of the Second Amended Complaint because additional claims for attorney's fees constituted new and/or additional claims under Fed. R. Civ. P. 5(a)(2)); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1371 (11th Cir. 1982). This same concern applies to a new claim that Hansmeier and Steele were the real parties in interest in the actions at issue in the counter-claim. Just as a plaintiff cannot tack on new or additional claims against a party in default without serving new or amended papers, see Fed. R. Civ. P. 5(a)(2) and Fed. R. Civ. P. 4, Chowdhury cannot raise new claims against Steele and Hansmeier through a substitution on a default judgment of a counterclaim that does not include the alter ego allegations. To do so would be tantamount to amending the claims against

---

default judgment, Minnesota Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256 (Fed. Cir. 1985). In Minnesota Min., after discovery was served, the defendant corporation's President and Secretary-Treasurer "decided to disband" the corporation and the corporation responded to discovery requests stating that it could not answer because it was now an "inactive Minnesota corporation." Id. at 1258. The court entered a default judgment. The President and Secretary-Treasurer meanwhile formed a new corporation, transferred the original corporation's assets and customer lists, and continued in business as the new corporation, while leaving the original corporation judgment proof. Following a full evidentiary hearing, the court granted plaintiff's motion to substitute under Rule 25(c) former officers and the new company to which they transferred assets. The court of appeals upheld the default judgment as a discovery sanction under Fed. R. Civ. P. 37, and not merely as a result of a failure to defend the litigation. And as in Rodriguez-Miranda and unlike here, Minnesota Min. involved the transfer of assets of the defendant corporation, and not the allegation that others were the real parties in interest all along.

4

them without providing the required notice and opportunity to defend. The proper vehicle for such relief is not through Fed. R. Civ. P. 25(c).

This ruling does not preclude Chowdhury from promptly seeking leave to amend his cross-claim to add his new claims and parties. If leave is granted, summons will issue and the new pleading and summons will need to be served, and the individuals named will then be afforded an opportunity to defend against Chowdhury's claims.

For these reasons, Chowdhury's Motion is DENIED, without prejudice to Chowdhury promptly seeking leave to file an amended counterclaim.

IT IS SO ORDERED.

January 31, 2019                                        /s/ Indira Talwani
                                                        United States District Judge