No. 0:19-CV-00156-WMW

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Paul R. Hansmeier,
*Plaintiff-Appellee*,

v.

Sandipan Chowdhury and Booth Sweet LLP,
*Defendants-Appellant*s,

───────────────────────────────────────────────

On Appeal from the
United State Bankruptcy Court for the District of Minnesota
Adversary No. 16-AP-04124

───────────────────────────────────────────────

### DEFENDANTS-APPELLANTS' REPLY BRIEF
───────────────────────────────────────────────

Paul A. Godfread
Atty. Reg. No. 389316
GODFREAD LAW FIRM, P.C.
6043 Hudson Road, Suite 305
Woodbury, MN 55125
Tel.: (612) 284-7325
Fax: (612) 465-3609
Email: paul@godfreadlaw.com

*Counsel for Defendants-Appellants*

## TABLE OF CONTENTS

                                                                                            **Page**

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ............................................................................................ 1

CONCLUSION ........................................................................................ 2

CERTIFICATE OF COMPLIANCE ...................................................... 3

CERTIFICATE OF SERVICE ................................................................ 3

# TABLE OF AUTHORITIES

**CASES**

*In re Gaines*,
 21 B.R. 1015 (W.D. Mo. 1990) .................................................................. 1

*United States v. Thorp*,
 655 F.2d 997 (9th Cir. 1981) ..................................................................... 1

## ARGUMENT

Appellee asks the wrong question and gets the wrong answer. This appeal concerns the Bankruptcy Court's power to modify an order on appeal, *not* its power to enforce a judgment while it is on appeal.

On December 13, 2018, Appellants timely noticed their appeal [Doc. 96] from the Bankruptcy Court's December 13 order of civil contempt [Doc. 95]. Once the notice of appeal was filed, jurisdiction over any issues involved in the appeal of the December 13 contempt order was immediately transferred to the District Court and the Bankruptcy Court was divested of authority to modify and expand upon the Order by any subsequent orders during the pendency of the appeal, including the subsequent January 9 contempt order. Doc. 121. *See e.g. In re Gaines*, 121 B.R. 1015, 1016–1017 (W.D. Mo. 1990) (*citing United States v. Thorp*, 655 F.2d 997 (9th Cir. 1981) (district court divested of authority to impose criminal contempt where appeal of civil contempt for similar conduct in same proceedings was still pending)).

The January 9, 2018 order drastically increased the sanctions entered on December 13, 2018, from $250 per day to $1000 per day, retroactive to December 13. Ratcheting up the previously entered sanctions, while the previous sanctions order was on appeal, was beyond the Bankruptcy Court's

jurisdiction. This *ultra vires* amendment to the December 13 sanctions order cannot stand.

## CONCLUSION

For the reasons stated herein and in the Opening Brief, Appellants respectfully request the January 9 contempt order against the Appellants be vacated.

Dated: March 19, 2019                    Respectfully submitted,

                                                                  Paul A. Godfread
                                                                  Paul A. Godfread
                                                                  Atty. Reg. No. 389316
                                                                  GODFREAD LAW FIRM, P.C.
                                                                  6043 Hudson Road, Suite 305
                                                                  Woodbury, MN 55125
                                                                  Tel.: (612) 284-7325
                                                                  Fax: (612) 465-3609
                                                                  Email: paul@godfreadlaw.com

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B) in that it contains 254 words, exclusive of the table of contents, table of authorities, this certificate of compliance, and the certificate of service.

/s/ Paul A. Godfread

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019 a copy of the foregoing brief of Defendants-Appellants' was filed electronically through the ECF system. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Notice will be delivered via mail to:

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

/s/ Paul A. Godfread